UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| APRIL M. WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00399-JDL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| MARK S. PRESCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00551-JDL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFFS' MOTIONS FOR PERMISSION TO TAKE DEPOSITIONS**

Plaintiffs April M. Wood and Mark S. Prescott have moved for permission to depose certain individuals in connection with the limited discovery I have authorized in these and related cases on the issue of fraudulent concealment. *See* ECF No. 72, 1:14-cv-399-JDL; ECF No. 56, 1:14-cv-551-JDL. They assert that the discovery previously completed "leads to two possible conclusions: the Government either committed gross negligence regarding its evaluation and disclosure of Dr. Franchini's malpractice and/or it fraudulently concealed information." *Id*. at 7. They seek to depose Dr. Robert Sampson, Dr. Timothy Richardson, Ryan Lilly, Brian G. Stiller,

and Dr. Thomas Franchini. The first four individuals are current or former employees of the Togus Veterans Administration Medical Center who participated in the clinical review of Dr. Franchini, whose treatment of the plaintiffs is the basis for these actions. They also contributed to the comprehensive written narrative the Veterans Administration has produced as part of its written responses to the plaintiffs' second set of interrogatories and request for production of documents. *See* ECF No.72-1 at 8, 1:14-cv-399-JDL; ECF No. 56-1 at 8, 1:14-cv-551-JDL.

The Government opposes the motion. It argues that the plaintiffs have failed to show good cause to re-open and expand the discovery previously permitted in this case. *See* ECF No. 79 at 6-8, 1:14-cv-399-JDL; ECF No. 61 at 6-8, 1:14-cv-551-JDL. Further, the Government contends that, contrary to Plaintiffs' claims, the VA disclosure policies detailed in the discovery conducted to date offer no support for the fraudulent concealment claims or the new "special relationship" theory identified in the Plaintiffs' motions. *Id.* at 9. Finally, the VA contends, any additional discovery will produce information that is either cumulative of the discovery already completed or irrelevant. *Id.* at 10-11.

I have previously stayed the period in which the Government must plead in response to the Plaintiffs' amended complaints. The Government intends to move to dismiss the amended complaints on the basis of lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because, it contends, the Plaintiffs' claims are barred by the applicable statute of limitations. The plaintiffs intend to resist dismissal by asserting that the statute of limitations was tolled by operation of fraudulent concealment. The burden will rest with the plaintiffs to demonstrate the

existence of subject matter jurisdiction. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996).

After careful consideration, I have concluded that the motions should be granted in part. The discovery conducted to date has produced information that explains the timetable and process by which the Government made its disclosures to the plaintiffs, but it has not produced information as to the mindset of the individuals involved and, among other things, whether they were cognizant of the applicable statute of limitations during the more than two-year period that the review of Dr. Franchini's performance was ongoing. In addition, the plaintiffs have proceeded expeditiously in making their discovery requests and seeking additional discovery, and the granting of the motion will not extend this preliminary discovery period more than an additional 90-days. Mindful that the plaintiffs' cases are subject to dismissal as time-barred if they do not demonstrate fraudulent concealment, I conclude that fairness bends toward permitting them the additional limited discovery they seek.

I also conclude that the motions should be denied in part as to the plaintiffs' request to depose Dr. Franchini. Dr. Franchini's staff privileges at the Veterans Administration Togus facility were suspended in April 2010, and his employment ended that November. Plaintiffs do not point to any information in the discovery completed to date that Dr. Franchini participated in the review of his own cases, or that he played any institutional role in the disclosure of information to the plaintiffs after Dr. Richardson first asked Dr. Sampson to evaluate a random sample of Dr. Franchini's surgical cases. *See* ECF No. 72-1 at 8, 1:14-cv-399-JDL; ECF No. 56-1 at 8, 1:14-cv-551-JDL. Plaintiffs' motions do not show a plausible basis to conclude that

Dr. Franchini might have participated in fraudulently concealing the results of his supervisors' evaluation of his own surgical performance.

Accordingly, it is ORDERED that:

1. Plaintiffs' motions, ECF No. 72 (Wood) and ECF No. 56 (Prescott), for additional discovery relevant to fraudulent concealment are GRANTED IN PART. Plaintiffs shall schedule and complete the depositions of Dr. Robert Sampson, Dr. Timothy Richardson, Ryan Lilly, and Brian G. Stiller by February 17, 2017.

2. Plaintiffs' motions for additional discovery relevant to fraudulent concealment are DENIED in part to the extent that they seek permission to depose Dr. Thomas Franchini.

3. The previously ordered stay of the deadline for the Government to answer or otherwise respond to the amended complaints filed by Wood and Prescott ordered November 17, 2016, is lifted (ECF No. 78 Wood and ECF No. 60 Prescott).  The Government shall answer or otherwise respond to the amended complaints filed by Wood and Prescott by March 3, 2017.

**SO ORDERED.**

Dated:  December 6, 2016

                                                **/s/ Jon D. Levy**
                                             **U.S. DISTRICT JUDGE**