UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| APRIL WOOD, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-00399-DBH |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant | ) | |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

The United States of America, by and through its attorney, the United States Attorney for the District of Maine, hereby respectfully answers the Plaintiff's Second Amended Complaint ("SAC") (ECF No. 102) as follows:

1.     Paragraph 1 of the SAC is a preliminary statement identifying the Plaintiff and setting forth legal assertions which require no response.  Insofar as an answer is deemed to be required, the allegation is denied.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Defendant admits that the Togus Veterans Administration Medical Center (Togus VAMC) is part of the Veterans Health Administration (VHA) network of hospitals, and that the United States Department of Veteran Affairs (VA) is the federal agency responsible for VHA operations.   Without knowing the names of the specific "medical providers" referenced in Paragraph 6, Defendant lacks sufficient knowledge or information to admit or deny the allegation

regarding their status as employees or agents.   Defendant admits that Thomas Franchini, DPM, was an employee of the Togus VAMC from at least May 1, 2006 through November of 2010. The remaining allegations in Paragraph 6 state Plaintiff's conclusions of law, to which no response is required.

7.      Paragraph 7 presents Plaintiff's legal theory regarding the nature of the relationship between the Togus VAMC and Plaintiff (i.e., that it was a "special relationship"), which the Court expressly rejected in its February 23, 2018 *Order on the Government's Motion to Dismiss* ("Order") (ECF No. 124), at 21 (holding that Plaintiff's argument that special relationship existed between her and the VAMC was barred by the law of the case doctrine).  Therefore, it requires no response.

8.      Paragraph 4 presents Plaintiff's conclusions of law regarding the bases of jurisdiction and therefore requires no response.

9.      Defendant admits that a "Standard Form 95" was received by the VA Office of Regional Counsel in Newington, Connecticut on November 19, 2013, but denies that Plaintiff's claim was timely.

10.     Defendant admits that the VA Office of Regional Counsel issued a letter dated May 2, 2014 denying Plaintiff's administrative claim. The remaining portion of the allegation in Paragraph 10 states Plaintiff's conclusions with respect to her exhaustion of administrative remedies and therefore requires no response.

11.     Defendant admits that a substantial part of the alleged events or omissions giving rise to the claim occurred in Kennebec County in the District of Maine.  The remaining allegations in Paragraph 11 present Plaintiff's conclusions of law regarding venue and therefore requires no response.

## II.    GENERAL ALLEGATIONS

12.    Defendant incorporates the responses contained in the paragraphs above as if fully set forth herein.

13.    Admitted.

14.    Admitted.

15.    Defendant admits that the Plaintiff received medical care at the Togus VAMC on various dates between 2005 and the present.   Defendant denies that the Plaintiff received all of her medical care from the Togus VAMC during this time period.

16.    Defendant admits that Thomas Franchini, DPM, provided podiatry treatment to the Plaintiff.   Defendant denies that Dr. Franchini was the only provider who treated the Plaintiff's ankle, leg and foot.

17.    Defendant denies that Dr. Franchini was a podiatrist employed by the Togus VAMC at all times relevant to the instant dispute, but admits that Dr. Franchini was employed by the Togus VAMC between April 2004 and approximately November 2010.

18.    Defendant denies that Dr. Franchini was employed as a podiatric surgeon at all times relevant to the instant dispute, but admits that Dr. Franchini was employed by the Togus VAMC between April 2004 and approximately November 2010.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 24 regarding statements allegedly made by Dr. Franchini to the Plaintiff and so denies them on that basis.

25.    Denied.

26.    Admitted.

27.    Defendant lacks knowledge or information sufficient to form a belief about the accuracy of the allegation regarding Plaintiff's state of mind and so denies it on that basis.

28.    Defendant admits that on December 18, 2009, Plaintiff signed an informed consent for a left subtalar joint fusion.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations about statements allegedly made by Dr. Franchini to Plaintiff or Plaintiff's reasons for consenting to the procedure and so denies them on that basis.

29.    Denied.

30.    Defendant admits that Dr. Franchini talked to Plaintiff about wearing special rocker bottom shoes but denies that he told her it would "help her healing."

31.    Defendant lacks knowledge or information sufficient to admit or deny the allegation in Paragraph 31 regarding Plaintiff's pursuit of "conservative measures" and so denies it on that basis.  Defendant denies that Dr. Franchini told Plaintiff that her pain was due to the condition of her bones or anatomy.

32.    Defendant admits the allegations contained in the first, second, and fourth sentences of Paragraph 32.  Defendant denies the allegation in the third sentence of Paragraph 32.

33.    Defendant admits the allegations comprising Paragraph 33 solely to the extent they accurately reflect the document quoted and incorporated by reference therein but otherwise denies such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

34.     Admitted.

35.     Defendant admits the allegations contained in the first two sentences of Paragraph 35. Defendant denies the allegations contained in the third sentence of Paragraph 35.

36.     Defendant admits that the VAMC sent an "alert notice" to state licensure boards in Maine and New York notifying them of an issue of clinical competence with respect to an unnamed provider on September 1, 2010, but denies the allegation insofar as it suggests that Dr. Franchini was specifically named.  Defendant admits that counsel for the VAMC was in contact with counsel for Dr. Franchini between June 2010 and November 2010.

37.     Admitted.

38.     Denied.

39.     Defendant admits the allegations comprising Paragraph 39 solely to the extent they accurately reflect the document quoted and incorporated by reference therein but otherwise denies such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.  Defendant admits that a disclosure was made to a former patient of Dr. Franchini's who was terminally ill in 2012, and that the VAMC did not contact Plaintiff about the potential for harm until 2013, but otherwise denies the remainder of this allegation.

40.     Defendant admits the allegations comprising Paragraph 40 solely to the extent they accurately reflect the document referenced therein but otherwise denies such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

41.     Defendant admits that Dr. Sommer saw Plaintiff at the Togus VAMC on November 28, 2011, and thereafter sent a note to Dr. Jorge Villafuerte at the VA Boston Healthcare System ("BHCS") wherein she wrote, "I am concerned re: beginning of RSD."    Defendant denies,

however, that this is the "first" time Plaintiff was "diagnosed" with RSD or CRPS.   Plaintiff

herself reported that she had been "diagnosed with CRPS" as early as April 21, 2010.

42.     The allegations in Paragraph 42 relate to the definition and etiology of a syndrome or

disorder that will be the subject of expert discovery in this case.  As such, they require no

response.  Insofar as an answer is deemed necessary, Defendant admits that Reflex Sympathetic

Dystrophy and/or Chronic Regional Pain Syndrome have been described by some as a disorder

of the sympathetic nervous system that is characterized by chronic, severe pain.

43.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 43 and so denies them on that basis.

44.     Defendant denies that Plaintiff's healthcare providers at the Togus VAMC recommended

amputation.   That recommendation was made by physicians at Mercy Hospital, after Plaintiff

sought a second opinion.

45.     Admitted.

46.     Admitted.

47.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in

Paragraph 47 regarding statements allegedly made to Plaintiff by one or more unidentified

individuals and so denies them on that basis.

48.     Defendant admits the allegations comprising Paragraph 48 solely to the extent they

accurately reflect the document quoted and incorporated by reference therein but otherwise

denies such allegations to the extent the document is inaccurately and/or incompletely quoted

and/or misconstrued.

49.     Defendant denies that Plaintiff was contacted by the Togus VAMC in February 2013.

According to Defendant's records, Plaintiff was contacted on or about January 8, 2013.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Defendant admits the allegations comprising Paragraph 55 solely to the extent they accurately reflect the document quoted and incorporated by reference therein but otherwise denies such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

56.     Defendant admits that it issued an "Institutional Disclosure of Adverse Event" on August 2, 2013.  Defendant denies the remaining allegations.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Defendant admits that the Institutional Disclosure of Adverse Event provided to Plaintiff informed her of her right to file an administrative tort claim.   Defendant denies that Plaintiff's administrative tort claim was meritorious, however, to the extent that the allegation seeks to elicit such an admission.

69.     Defendant admits that it provided Plaintiff with an SF-95 claim form.   Defendant denies that Plaintiff's FTCA tort claim is "valid."

70.     Admitted.

71.     Defendant admits the allegations comprising Paragraph 71 solely to the extent they accurately reflect the document quoted and incorporated by reference therein but otherwise denies such allegations to the extent the document is inaccurately and/or incompletely quoted and/or misconstrued.

72.     Defendant admits that Plaintiff's administrative tort claim was denied by the VA Office of Regional Counsel on May 2, 2014.   Defendant denies that the "sole basis" for the denial was the absence of any negligent or wrongful act.

73.     Denied.

### III.     <u>FIRST CLAIM FOR RELIEF</u>
**(Vicarious Liability – Thomas Franchini, DPM)**

74.     Defendant incorporates the responses contained in the paragraphs above as if fully set forth herein.

75.     Defendant denies that Plaintiff was under the exclusive care and treatment of Defendant, through the Togus VAMC and Dr. Franchini, at all times relevant to the instant dispute. Defendant admits that Dr. Franchini treated Plaintiff on various dates between approximately

August of 2006 and April of 2010.

76.     Paragraph 76 asserts a legal conclusion to which no response is required.   Insofar as an answer may be required, Defendant admits that Dr. Franchini was an employee of the Togus VAMC, but denies that Dr. Franchini's acts and/or omissions during the relevant time frame were negligent or fraudulent.

77.     Paragraph 77 asserts a legal conclusion to which no response is required.   Insofar as an answer may be required, Defendant admits that Dr. Franchini was an employee of the Togus VAMC, but denies that Dr. Franchini's acts and/or omissions during the relevant time frame were negligent or fraudulent.

78.     Paragraph 78 asserts legal conclusions to which no response is required.

79.     Denied.

80.     All of the allegations set forth in Paragraph 80 and its subparts are denied.

81.     Denied.   Insofar as an answer may be required, Defendant denies that Plaintiff is entitled to any of the relief she seeks.

82.     Denied.

83.     Paragraph 83 contains Plaintiff's demand for damages and therefore requires no response.  Insofar as an answer may be required, Defendant denies that Plaintiff is entitled to any of the relief she seeks.

## IV.     SECOND CLAIM FOR RELIEF
### (Direct Liability – VAMC)

84.     Defendant incorporates the responses contained in the paragraphs above as if fully set forth herein.

85.     Paragraph 85 asserts a legal conclusion to which no response is required.   Insofar as an

answer may be required, Defendant admits that Dr. Franchini was an employee of the Togus

VAMC, but denies that Dr. Franchini's acts and/or omissions during the relevant time frame

were negligent.

86.     Defendant denies that Plaintiff was under the exclusive care and treatment of the Togus

VAMC at all times relevant to the instant dispute.   Defendant admits that Plaintiff received

treatment at the Togus VAMC during the relevant time period.

87.     Paragraph 87 asserts a legal conclusion to which no response is required.

88.     Denied.

89.     Defendant denies the allegations contained in the first sentence of Paragraph 89.

Defendant admits the allegation in the second sentence.

90.     Denied.

## V.   THIRD CLAIM FOR RELIEF
### (Lack of Informed Consent – VAMC/Thomas Franchini, DPM)

91.     Defendant incorporates the responses contained in the paragraphs above as if fully set

forth herein.

92.     Admitted.

93.     Denied.

94.     Denied.

95.     Denied.

## VI.   FOURTH CLAIM FOR RELIEF
### (Fraudulent Concealment)

96.     Defendant incorporates the responses contained in the paragraphs above as if fully set

forth herein.

97-108.   The allegations contained in Paragraphs 97 to 108 of the SAC relate to Plaintiff's fraudulent concealment claim against Defendant, which was dismissed by the Court on February 23, 2018 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2680(h).  *See* Order, at 23-24.  Accordingly, no responses are required to the allegations contained in these Paragraphs. To the extent a response is deemed necessary, Defendant denies the allegations.

To the extent that this Answer does not specifically admit any assertion in the Complaint, it is denied.

The unnumbered paragraph on page 13 of Plaintiff's SAC consists of her prayer for relief to which no response is required.  To the extent that a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief she seeks or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Federal Tort Claims Act (FTCA) governs liability and recovery.

3.      The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the FTCA.   The Togus VAMC, through its employees and agents, acted with due care and diligence at all relevant times.

4.      No acts or omissions by the Togus VAMC, or its employees or agents, were the proximate cause of Plaintiff's injuries.

5.      The suit is barred by Maine's three-year statute of repose, 24 M.R.S.A. § 2902, because

11

Plaintiff filed suit more than three years after her last surgery.

6.      The suit is barred because Plaintiff's tort claim was not presented in writing to the appropriate federal agency within two years after the claim accrued.

7.      Plaintiff is not entitled to a jury trial.   28 U.S.C. § 2402.

8.      Pursuant to 28 U.S.C. § 2675(b), any recovery is limited to the amount stated in the administrative claim filed by Plaintiff.

9.      Pursuant to 28 U.S.C. § 2678, any attorneys' fees are limited to 25 percent of any judgment or settlement, and are not to be awarded separately but are to be paid out of the amount of any judgment or settlement.

10.     To the extent that Plaintiff's complaint is based on allegations that were not timely presented at the administrative level, Plaintiff's claims are untimely and should be dismissed.

11.     To the extent that Plaintiff's complaint was not timely filed in federal court, Plaintiff's claims are barred by the statute of limitations and/or Maine's statute of repose and should be dismissed.

12.     To the extent that Plaintiff has not properly presented her allegations to the agency, Plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

13.     To the extent that any damages are awarded, they should be offset by any federal benefits paid or payable to Plaintiff for Plaintiff's expenses or losses.

14.     Defendant reserves the right to assert any state statute or common law doctrine as to liability or damages that protects a private party from similar claims.

15.     Plaintiff failed to mitigate damages.

16.     The amount of any recovery should be reduced by any non-collateral source or otherwise in accordance with the law applicable to setoff- and/or recoupment and /or subrogation.

17.     To the extent Plaintiff is entitled to any recovery, she may recover only once for any alleged wrong.

18.     To the extent Plaintiff was negligent, any damages should be reduced or barred under the principles of contributory negligence and/or comparative negligence and/or 14 M.R.S.A. § 156.

19.     Plaintiff is not entitled to an award of pre- or post-judgment interest.   28 U.S.C. § 2674.

20.     Plaintiff is not entitled to punitive damages.  28 U.S.C. § 2674.

21.     The amount of any award should be reduced due to apportionment for pre-existing or subsequent injuries based on the principles of *Lovely v. Allstate Insurance Company*, 658 A.2d 1091 (Me. 1995).


        WHEREFORE, Defendant prays that:

        A.     The Court dismiss the Second Amended Complaint;

        B.     The Court award Defendant its costs and disbursements in defending this action; and

        C.     The Court award Defendant such other relief as is just and proper.


Dated:  March 14, 2018                          Respectfully submitted,


                                                HALSEY B. FRANK,
                                                UNITED STATES ATTORNEY

                                                /s/ Sheila W. Sawyer
                                                Assistant United States Attorney
                                                U.S. Attorney's Office
                                                100 Middle Street Plaza, East Tower
                                                Portland, ME  04101
                                                (207) 780-3257

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2018, I electronically filed the foregoing using the CM/ECF system, which will send notifications of such filing(s) to the following:

David M. Lipman, Esq.
Peter B. Bickerman, Esq.
Lipman & Katz, PA
P.O. Box 1051
Augusta, ME  04332-1051
dlipman@lipmankatz.com

Halsey B. Frank
United States Attorney

/s/ Sheila W. Sawyer
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257